IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 06-582-09 |
| | : | |
| MARIO SAMANIEGO | : | |

## **ORDER**

AND NOW, this 31st day of January, 2017, upon consideration of Defendant Mario Samaniego's Motion Requesting Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and the Government's response thereto, it is ORDERED the Motion (Document 622) is DENIED.[1]

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[1] Samaniego asks this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. The Government opposes Samaniego's request, asserting Samaniego's sentence is not eligible for a reduction under Amendment 782 because the Amendment does not lower his Guidelines range. Indeed, Amendment 782, retroactively applied, reduces "offense levels by two levels for most drug quantities under U.S.S.G. § 2D1.1." *United States v. Tolendano*, 643 F. App'x 147, 147 n.4 (3d Cir. 206) (citing U.S.S.G. App. C., Amendment 782 and U.S.S.G. § 1B1.10(d), (e)(1)). Amendment 782 does not lower Samaniego's Guidelines range. His current base offense level is 38. Under Amendment 782, an offense involving 4.5 kgs or more of methamphetamine (actual) carries a base offense level of 38. *See* U.S.S.G. § 2D1.1. Because Samaniego was found accountable for approximately ten kilograms of methamphetamine (actual), his base offense level is unchanged. *See* PSR ¶ 74-75. The amendment therefore "does not have the effect of lowering the defendant's guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Samaniego's motion is denied.